And the first piece on our docket is Patrick and Fannie Mae Kaveny v. OneMain Financial, Inc. and City Financial, Inc. Mr. Boniforce. Good afternoon. May it please the Court. I represent the appellees, the defendants, the appellants in this case, the defendants below OneMain Financial and City Financial. In this case, plaintiffs claim that defendants are liable for payment of a penalty because defendants allegedly released a security interest in plaintiff's automobile beyond a time permitted by Illinois statutes. The issue before the Court is whether plaintiffs are obligated to arbitrate that claim pursuant to their written arbitration agreement. That arbitration agreement covers this dispute and is expressly enforceable by defendants. So plaintiffs should be required to pursue this claim in arbitration and the decision of the warrant court should be reversed. This case essentially involves construction and interpretation of a written contract. In this case, that written contract is the arbitration agreement. I would like to discuss briefly four main points with respect to that written contract that I will discuss in length going forward. First, the agreement is enforceable after the plaintiffs and plaintiffs are bound by it. Second, that defendants are entitled to enforce that agreement and the warrant court prepared to conclude otherwise. Third, that the decision whether the dispute was arbitrable should in the first instance have been referred to the arbitrator in the trial court area in not doing so. And fourth, that even if arbitrability was properly considered by the warrant court, it should have held this matter to be arbitrable. Again, these matters all turn on the written contract, the arbitration agreement. First, as to whether or not plaintiffs should be bound by this agreement, there's no doubt that they should. It's not a dispute. Plaintiffs were extended credit and as a condition of that credit extension, they had to agree to arbitrate any disputes that might arise out of that lending relationship. Not only referenced in the credit agreement, plaintiffs signed a separate arbitration agreement that was expressly incorporated into that credit agreement. And that arbitration agreement provided for a perfect mutuality of rights. Either party had an equal right to arbitrate issues related to that credit relationship, with some exceptions that were applicable to both parties. At no point have plaintiffs argued that they did not sign this agreement or that it is not enforceable. At least not until now. Mr. Bonacorsi, who is the administrator in the arbitration agreement? The administrator? Yeah. It's whoever the party selects, whichever arbitration service that they go to. Why is that word different than arbitrator? Your Honor, I can't explain that. It seems to denote another person. I have understood that to mean the arbitrator. It doesn't say the arbitrator. It doesn't say that, Your Honor. So how are we to figure that out? Well, I think if taken into the context of the entire agreement, nothing would have to mean the arbitrator. I'm a little confused about which party is trying to enforce this arbitration agreement. Both defendants, Your Honor. So City Financial Inc. and one Maine Financial? Yes, Your Honor. It's not by assignment. And I'm thinking of the record below and what the court was going on there. It's not by assignment, but it's by the words affiliate in the arbitration agreement. That's correct, Your Honor. And to show the affiliate, that's the affidavit of Teresa Bauer? That's correct, Your Honor. That affidavit does not mention one Maine Financial. I believe it does, Your Honor. For my direct court's attention, too. Is that one of your appendix? Yes, Your Honor. It's in the affidavit of Teresa Bauer. It's at page 102 of the record. And on paragraph 4 of the Teresa Bauer affidavit says, based on her personal knowledge, she can attest that City Financial Credit Company only owns one Maine Financial Inc. Okay. So the original agreement was City Financial Services, Inc. and the plaintiffs. Then they went into bankruptcy and they entered into a reaffirmation agreement in their Chapter 7 bankruptcy with one Maine Financial, who became the holder of the indebtedness and the security interest. At that time. And then the release came from City Financial, Inc. That's correct, Your Honor. Okay. And the thing that confused me about the affidavit at paragraph 5, City Financial, Inc. no longer exists, merged into City Financial Services, Inc., effective 10-1-13. But the release that came from City Financial, Inc. was dated March 31, 14. Your Honor, although we haven't gotten into the facts of the case, I do understand that that was actually City Financial Services, Inc. signing as City Financial, Inc., Kentucky. It should have signed as formerly known as in its own name, but it signed it as City Financial, Inc. And is that in the record? No. The only thing that you've got to show an affiliate is the affidavit of Teresa Bauer. Yes, Your Honor. So how would we know that in the reviewing court other than your representation here today? Well, Judge, I think that's going to the merits of the dispute if you look at who signed the title release. The question is who can't seek that determination by an arbitrator? And we believe that the two parties who have been named as defendants in this lawsuit may do so by showing that they have established, by establishing affiliation with City Financial Services, the named lender. And I would agree, but how do you show the court, the trial court or the reviewing court, that there is that affiliation? And you're attempting to do that by the affidavit of Teresa Bauer. That's correct, Your Honor. That's exactly how I hope to establish it in the lower court. The affidavit shows that there is a common ownership among all three defendants, and that common ownership ultimately ends with Citigroup. The way I look at it is Citigroup is the grand marriage of the three companies that are on the defense side of this case, although only two have been actually named as defendants. City Financial Services was not named as a defendant. But City Financial Services is named the lender in the agreement. The agreement by its expressed terms covers City Financial Services as well as its affiliates. But how is anyone signing this contract supposed to know who the affiliates are? Where's the certainty in that? Where does that mean, affiliates? Well, that's an issue before this court, and we think that under ordinary principles of contract construction in the state of Illinois, affiliates would have to be given this plain and customary and ordinary meaning. And it is not uncommon in the law in Illinois, and even in federal law, to denote, to equate affiliation with common ownership or common control, some relationship among corporate entities. And typically, it's common ownership and common control. That's in both Illinois tax law, federal tax law, Illinois case law, federal case law, state law in many states. We cite that authority in our brief. That's how you would know what an affiliate is, Your Honor, generally speaking. Not specifically, perhaps, that one of these named entities is an affiliate, but you would have some general idea of what an affiliate might be by its plain and ordinary meaning under the law. But doesn't Illinois substantive law require that you know who it is you're entering into a contract with? I think it's true that Illinois law also provides, Your Honor, that arbitration is proper where it is shown that the signatories intended that non-signatories were to derive the benefit of the agreement, and the agreement reflects that intention. And the parties did so by identifying signatories. I think there are... By identifying signatories? By identifying a non-signatory as an affiliate in this particular case. I don't think it's a strange or foreign word in the context of corporate relationships to identify another corporate entity as an affiliate without naming it as such. Now, that's particularly of consequence when you're dealing with banking entities because as the myriad of laws that address banking relationships change, old companies are created, different lending entities have to be created merely to meet state law. So perhaps it would be impossible to name in that agreement specifically who would be benefited by this agreement, but you can do so by a generic description, affiliate. But this particular agreement, sorry to interrupt, talks about not only affiliates but heirs, survivors, who's a survivor, assigns, representatives, past, present, future, future parties, subsidiaries, affiliates, predecessors, who's that, assignees, successors, and their respective employees, agents, directors, and officers while acting in their corporate or individual capacity. You don't think that that is a tad bit ambiguous or broad, overly broad? Judge, I wouldn't say it was ambiguous. It's not ambiguous? I wouldn't say it's ambiguous, but I would say it's certainly broad, and I think that was the intent of the draft. Who's an employee of City Financial Services, Inc.? How are we supposed to know that? I mean, they probably have hundreds of employees, and all of these people are bound by this contract? I believe they can benefit by it if that's what the party's intended. And what is the best evidence of what the party's intended? It's the actual language of the agreement. Well, first of all, we have to look at who drafted this contract, whose advantages it's serving, whether these plaintiffs really knew what they were entering into, right? We have to look at all of those factors. I agree with you. But there has been no dispute as to the enforceability of this agreement. There's been no dispute that the plaintiffs signed this agreement. Is the signature the same as enforceability, in your opinion? No. You're correct, Your Honor. There's no dispute that they signed this particular agreement. They haven't said that it's not enforceable if they said it doesn't apply in this case. And in my mind, it's different than saying it's not enforceable. What they're saying here is, one, these two corporate entities can't benefit from the agreement as a trial court found. They're not named that. Our position is you don't have to be named specifically. The affiliate handled that. And then the second argument they make is that the judgment for it was that this particular dispute is accepted out of the agreement. He found that since it relates to title, it is expressly accepted from coverage of the agreement. We believe that's wrong also. We believe that there are four or five different descriptions of what this covers, that cover this particular dispute. If I may, Your Honor. Okay. Take your time. So, again, our position is it's the two named defendants are the beneficiaries of the agreement, number one, and number two, this particular dispute is expressly covered by this particular agreement. And we refine that point by arguing, and I believe we're correct in this, since this agreement is governed by the Federal Arbitration Act, this agreement should be, the scope of this agreement should have been decided not by the trial court but by the arbitrator. And that I believe would also hold true under the Donelson framework in Illinois arbitration law, where you look at this simply as a matter of Illinois law. Illinois law would defer the arbitrability question to the arbitrator. But even if it's not the trial court error, because as I said, as we point in our brief, there are specific instances in this written agreement which expressly cover this particular dispute. If the court has no other questions, I will. You're going to get rebuttal. I may have a question. Let me hear it from the other side before I ask any questions. Thank you. Okay, Ms. Murphy. Good afternoon, Your Honors. May it please the Court? You're going to have to speak up a little bit for us. Yeah, I apologize. The window opened. It's rather loud. These microphones do not amplify in any way. Gotcha. Good afternoon, Your Honors. We're here, obviously, arguing over a motion to compel arbitration. And I believe the trial court got both of these issues correct. What about corporate affiliation, which was just discussed in detail, and also the proper gatekeeping function of the trial court itself. Just in response to counsel's arguments as to corporate affiliation, I'll be frank, my clients were very confused about this also. I think that the contract itself, at best, is incredibly broad. They didn't know what exactly happened with their loan. They had walked into a city financial, took out a loan. Several months later, it became one big financial. They switched the signs on the outside of the building. When they had paid off the final bit of the loan, they weren't sure which corporate entity to even ask for the title back from. And obviously, like you pointed out, Your Honor, the corporate entity that actually released the title program affidavit no longer exists. Another confusion. A little bit off that topic, but related to that topic, during the arguments for motions for summary judgment in the trial court, counsel tried to argue both things, that all these companies, they were one and the same for purposes of arbitration, but that one couldn't be held responsible for the wrongdoing of another for purposes of summary judgment. And the trial court didn't appreciate that argument. I think that's spurious at best. It seems disingenuous. And I think he correctly ruled on that, that he literally said, don't hide the ball, counsel. I'm sure you've all read the transcript. And that argument got short-circuited pretty quickly. Turning to the gatekeeping rule that we've talked about, counsel, I think, misconstrued the actual arbitration provision itself somewhat. If Your Honor can look at it, and the interpretation pauses on the second page of the arbitration contract, it doesn't say that the questions about the scope of the arbitrary question about who gets to decide what is arbitral and not, it says that the disputes about that, if there's a dispute over the existence, validity, scope, or interpretation of this agreement, that should be ruled on by the arbitrator. Not, what I'm trying to get at is, if there was no dispute until the defendant said there was a dispute, if there wasn't a dispute over the scope, this was clearly excluded from the contract, claims to clear title, actions to clear title. The trial court didn't seem confused about this. My clients, I'm not confused about this. About what? About whether there was a dispute about it, the scope of this. Whether the exclusions paragraph covered actions to clear title or not. I think Mr. Bone, of course, he's talking about federal substantive law, generally under the FAA. He was. What arbitrators do and don't do versus the courts. Do you agree that under the FAA, arbitrators generally determine the scope of the arbitration agreement? They do. But in this instance, we're looking at this specific contract, and it says it only disputes over the scope, not the actual scope itself. And until you go to court and there's an adverse ruling, I would argue the defendants didn't have a dispute, quote, unquote. And if that's the way this court would be leaning, to agree with Mr. Berlusconi about that, any time that there's an unfavorable ruling, we're going to have a dispute over the scope, at least with these particular contracts. As to the proper gatekeeping function in this matter of the exclusions paragraph, I think the trial court got that right, clearly got that right. It simply read the exclusions paragraph back to counsel in the trial court setting. He directed our attention to the first page towards the bottom. Claims excluded from arbitration, paragraph B. Any action to the extent necessary to obtain a judicial order for clearing title. And this action clearly would relate to clearing title, the prompt clearing of title, which I think is what the statute of purpose is. Therefore, it would be excluded from the contract by its own terms. And that's all the court did here. It simply read the contract back and enforced it according to its own terms. Does the record contain your contract that, or I'm sorry, your lawsuit that was actually filed? The complaint, Your Honor? The complaint. It should, yes. What kind of damages have you sought in that complaint? The statutory amount of $150 per claim. $150 per claim. Did you ask for attorney's fees in excess of $75,000? Because it's a putative class action, yes, Your Honor, we did. So did you list the amount of damages for attorney's fees, or did you just ask generically for attorney's fees? I believe we asked broadly for $50,000, which is the applicable amount for that level of court in Madison County, Your Honor. But you've only asked in your claim for the statutory penalty of $150 per class member. Yes. Which would be a small claim. It would be on an individual level. I can't imagine anybody would sue over $150 by themselves. Yes, Your Honor? On the first page of the agreement, there's also an exclusion, no class actions, no jointer parties. And the parties agreeing that the arbitration proceeding will not consider those type of claims. What's the status of your lawsuit now, this lawsuit in state court? And if it is a class action, why would that provision of the contract not apply? Well, Your Honor, my first argument in the trial court was that this contract was completed. When the last payment was tendered, the obligations of the parties were fulfilled, and therefore this contract wouldn't apply in its entirety. The trial judge in this instance didn't rule on that particular issue. He ruled on whether there was a valid agreement between the parties, you know, the affiliate problem we're having with this, and whether or not this particular claim was excluded. I would argue that this is for the no vote review for this court, and you can certainly and easily affirm the trial court's opinion on the basis this contract was over and done with. But not only did they make the last payment, they actually overpaid it and received a refund. I mean, there's no dispute about that contract being fulfilled, the obligations of the parties. At that point, they've got to release the title because they no longer have a claim to it, and the statute that we've sued under just ensures prompt delivery of that title. Well, but there's the exclusion of any action dealing with establishing, perfecting, or declaring title with respect to interest in the property. You're saying I want to hang my head on that. Clearly the contract says this type of action is excluded from arbitration, period. But then you want to say, but the other provision that says no class action does not apply because the contract's completed? Well, again, I would argue that this contract was over and done with. That's what I would hang my head on, Your Honor. And my question is, has a class been certified? No, sir. It's been my motion to stay, either filed or argued in the trial court, but for all intents and purposes, we haven't really litigated anything in Madison County since this ruling. So at this point in time, it's an action, again, your clients or the plaintiffs? The only plaintiffs, Your Honor. Okay. I have no other questions. With regard to the procedural unconscionability of this contract, has that been litigated as a part of the enforceability of the contract? Well, it wasn't exactly litigated, Your Honor. It was mentioned by the trial court. He did give this some consideration before making his ruling. I would direct you to, it is, well, I guess it would be C-17. My copy here is correct, which is the transcript from the trial court proceedings. The bottom of page 17, he actually, he says that I can either read this as being excluded in this case, meaning the action declared title, or I can read this arbitration agreement as being so one-sided as to be unconscionable and unenforceable by its very terms, but he specifically declined me to do that. I think he was on the verge of it. I don't think that he could imagine any instance under which the plaintiffs would have brought the opposite action. He literally says that there is no doubt that the shoe were on the other foot, the same defendants were being courted, claiming that we don't have to do arbitration. It's just one-sided, and he construed it against the drafter, which was obviously, I guess, City Financial Services, Inc. In this contract, they seem to limit the individual's right to bring a small claim. That is, if you brought a statutory claim for $150, no matter if that's the statutory claim, by law, you can't bring it as a class. Every class is deemed more than $15,000. Do you find any trouble with that? Well, Your Honor, that wasn't my theory going into this, and at this point, what I've got to work with is the trial court's opinion, which he says excluded it from, the actions declared title are excluded per these contracts. I would argue that the contract was over and done with, that the last payment was tendered, and therefore this wouldn't apply. The statute, the title release statute in Illinois, it can't be an arbitration issue. Once the contract's done, the cause of action doesn't accrue under that until 22 days later. It would be my opinion that that can never be an issue for arbitration or a restriction on class action. So the entire basis of your argument, the plaintiff's argument, is this contract doesn't apply because it's over. That's just it. That's what I'd like to hang my hat on, Your Honor. They tendered the last payment. At that point, the obligations of the parties were fulfilled, and all that remained was prompt clearing of the title, prompt release of the title. And the statute allows them to, you know, albeit only for $150, but I imagine it's supposed to punish these giant corporations to some degree. I'm looking, but I thought there was a provision in here where it did survive. But I'll find it myself. That the contract survived the fulfillment? The arbitration agreement. Survived the fulfillment of the contract, the parties' obligations of it? Yeah. Well, I'm not sure that that would- Maybe I misread it. I'm not aware of it being in here, Your Honor, although I'll admit I don't have it memorized. But I think that by itself would be unconscionable. That would mean that if these parties, the conveners, had an issue with any one of the number of different city entities for the rest of their lives, they could get drugged back into arbitration or to arbitration by virtue of signing this contract 50 years back. On page 826 of the record, there's a little section, albeit it's in at least 9.5, maybe 8. It says survival. This agreement applies even if a note has been paid in full, charged off by us, or discharged in bankruptcy. I recognize that I'm sure you can't read this from here. You're supposed to be able to have it in bold type, aren't you, Mr. Bonaparte? Anyway, there is that section. What do you say about that? I think that would just lead to absurd results, Your Honor. Do you think that's unconscionable? I can't imagine that's what the committees thought when they signed this, that for the rest of their natural-born lives, if they would have to arbitrate any dispute they'd ever have with any city entity, however many there are, I can't imagine that's what they thought. So do you have – but that has not been what's argued down in the trial court. I believe it was mentioned during the oral arguments, but I don't know that it appears in any of the pleadings. It certainly hasn't been your position as of this moment. No, Your Honor, although I did make the argument in oral arguments in trial court. That this provision is unconscionable? Well, not that it's unconscionable, but that's not what they meant when they signed this agreement, that they can't just blast into perpetuity. Surely they wouldn't have meant that. So you think this is procedurally unconscionable? Possibly substantively. Substantively. Thank you, Your Honor. Do you have anything further you want to talk to us about? No, Your Honor, I just ask you to affirm the trial court's ruling. Okay, thank you. Thank you. Thank you very much. Mr. Bonifaci? Briefly, Your Honor. You may. Thank you, Your Honor. In reverse order, the court brought up unconscionability, either procedural or substantive. That was not brought up by plaintiffs in the trial court. The only reference to unconscionability was an offhand remark by the trial judge during the hearing, and he declined to rule that way. So I believe it would be unfair and improper to require my client now to address procedural unconscionability or substantive unconscionability at this level. So I hope that's not the direction the court's going. We would certainly like an opportunity to address any claim along those lines. You would agree that's covered by state law, Illinois state law? Yes. The FAA would direct you to state law, Your Honor. We all know that. Do you think this court has the ability to rule on any defect apparent in the record? Yes, Your Honor, but I would hope that in all fairness, my clients would be given an opportunity to address those arguments and show perhaps a counter to the argument that plaintiffs or the court might consider themselves. I think that would only be fair. I want to ask you about the statement she made where she claims that your clients insist on pursuing arbitration, and yet at the trial court level made the claim that you would not be responsible via ownership because of shared holdings. That's inaccurate. Pardon me for interrupting. That's inaccurate. Before the motion to compel arbitration was filed by me, there was a motion for summary judgment filed with no plaintiff, with no evidence offered, claiming that the two named defendants in this case were liable for the misdeeds that are alleged in the complaint. I opposed that motion for summary judgment because no evidence was offered. And I pointed out that, and I will point out again here today, affiliation to establish liability for joint corporate conduct is not the same as establishing affiliation for the discrete purpose of enforcing this arbitration agreement. One is my burden, the defendant's burden, to show that the arbitration agreement covers it. The other is plaintiff's burden to prove that these corporate entities, which are separate entities although affiliated, are liable for the other's misdeeds, or in this particular case, one is liable, one is the agent of the other, to collect payments on a mortgage. So you are discussing burden of proof. Precisely, Your Honor. Now, I'd like to go back to the one point that the Court asked about counsel, about whether she would agree with the Federal Arbitration Act, whether it would be referred to the arbitrator's decision to scope. I don't want to mislead the Court. We all know that the law is, under the Option 1 case, that that only occurs when the arbitration agreement is clearly and unmistakably saying that the arbitrator decides the scope of arbitrability. I thought this did. In this case, it specifically does. So as applied to this case, federal law would refer that decision of arbitrability to the arbitrator. That's our position. If this is a valid arbitration agreement? If it's a valid arbitration agreement, Your Honor. How does the affiliate, predecessor, heir, employee, whomever, bind a party to less than $15,000 in damages when the statute, or sorry, binds a party to more than $15,000 in damages when the statutory penalty is only $150? It's a putative class action, Your Honor. And that triggers an out-of-the-exception, where it would not otherwise. The exception? Yeah. The exception here is that if it's under $15,000, claims don't have to be arbitrated. But if they are, if it's done as a putative class action, it's deemed to be something in excess of $15,000. I believe that's how I read that particular record. And that's how it works in this case. Now, you're right. You point out what I would point out, Your Honor, that there is a survival provision in this. And so counsel's, as I understand it, sole argument that this contract is overdone with doesn't work in light of that particular provision. Counsel? Go ahead. Go ahead. Let me ask, and I guess I was going to do the same thing apparently the trial court did, and that was to read back the exclusion provision that says any action to the extent necessary to obtain a judicial order in regard to establishing, perfecting, or clearing title with respect to an interest in the property is excluded from this arbitration agreement. I've reviewed your brief, but tell me why it's not excluded. Because the title has already been released in this particular case. It's alleged in the complaint, and it's admitted in the summary judgment motion filed by plaintiffs in the lower court. They acknowledge that the title has already been released. They're not seeking a judicial order to obtain release of that title. They're seeking damages, a statutory penalty for the tardy release of that particular penalty. There's no equity proponent in this case at all, Your Honor. No one is seeking a judicial order. What they're seeking is payment of a penalty. May I ask one follow-up question? My other follow-up question, the exclusion on the class action. What's the status of this lawsuit right now? There's been a motion to certify a class. It hasn't been briefed. It hasn't been argued. There's been no evidence submitted in support. Naturally, I will propose as a defense to it this very agreement because we believe it's been contractually waived. But in your brief, you haven't said anything about the exclusion because you're not there yet? Exactly, Your Honor. Okay. Did you file a motion to stay? Yes. Has that been proven? It has not been proven. Thank you. Ms. Murphy, in light of our questions, do you have anything you would like to say in response to what Mr. Bonaparte has said? Just the last bit, Your Honor. It really has come to bear on this argument today. I don't believe that it has been filed. It's just the fact that we haven't negated it. Okay. Not a big deal. Okay. Thank you so much. Thank you. You're welcome. Okay. This matter will be taken under advisement in a dispositional issue in due course.